THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Jerry Martin
 Hughes, Appellant.
 
 
 

Appeal From Greenville County
C. Victor Pyle, Jr., Circuit Court Judge
Unpublished Opinion No.   2008-UP-333
Heard June 4, 2008  Filed July 1, 2008 
AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, South Carolina Commission,
 of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M.
 Coombs, Jr., Office of the Attorney General, all of Columbia; and Solicitor
 Robert Mills Ariail, of Greenville, for Respondent.
 
 
 

PER
 CURIAM:  Jerry Hughes appeals his
 convictions of trafficking in methamphetamine, possession of the controlled
 substance (Xanax), with intent to distribute, and possession of the controlled
 substance (morphine).  Hughes asserts the detention and subsequent request for
 consent to search exceeded the scope of the original stop, and the scope of any
 general consent given was exceeded by the officers search.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  Hubbard v.
 Rowe, 192 S.C. 12, 5 S.E.2d 187 (1939) (stating the questions presented for
 appellate review must first have been fairly and properly raised in the lower
 court and passed upon by that court); IOn, L.L.C. v. Town of Mt. Pleasant,
 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (finding a losing party must
 first try to convince the lower court it has ruled wrongly and then, if that
 effort fails, convince the appellate court that the lower court erred); State
 v. McKnight, 352 S.C. 635, 656, 576 S.E.2d 168, 179 (2003) (determining whether
 consent to search is voluntary is a question of fact to be resolved from the
 totality of the circumstances); State v. Brockman, 339 S.C. 57, 66, 528
 S.E.2d 661, 665-66 (2000) (applying a clearly erroneous standard of
 review in determining whether trial judge properly held defendant consented to
 search); State v. Mattison, 352 S.C. 577, 585-86, 575 S.E.2d 852, 856
 (Ct. App. 2003) (The scope of the consent is measured by a test of objective
 reasonableness-what would the typical reasonable person have understood by the
 exchange between the officer and the suspect?); c.f. State v.
 Forrester, 343 S.C. 637, 541 S.E.2d 837 (2001) (finding a suspects overt
 act of merely opening the pocket book for inspection after consent was
 requested, limited the scope of the general grant of consent previously given).
AFFIRMED.
HEARN, C.J., and SHORT, J., and KONDUROS, J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.